**Wilbur M. GOSS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23257.**

United States Court of Appeals
Fifth Circuit.
March 2, 1967.

Robert B. Thompson, Gainesville, Ga., for appellant.

Floyd M. Buford, U. S. Atty., Tyrus R. Atkinson, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and BREWSTER, District Judge.

PER CURIAM:

Wilbur M. Goss, the defendant-appellant, was indicted on eight counts for possessing and selling untaxpaid distilled spirits in violation of 26 U.S.C. §§ 5205(a) (2), 5604(a). He was convicted on six counts relating to three transactions.

The principal defense offered upon the trial was that of entrapment. On appeal, the appellant contends that the trial court erred, as a matter of law, in overruling his motion for a judgment of acquittal based upon the plea of entrapment.

Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 and Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Fd.2d 848, established the basic principles governing the defense of entrapment. These principles have been followed in a long line of cases in this circuit. See, for example, Demos v. United States, 5 Cir. 1953, 205 F.2d 596; Accardi v. United States, 5 Cir. 1958, 257 F.2d 168; Suarez v. United States, 5 Cir. 1962, 309 F.2d 709. The issue of entrapment is a question for the jury unless as a matter of law the defendant has established beyond a reasonable doubt that he was unlawfully entrapped. The basic question in entrapment is whether the offense originates in the mind of the accused or in the mind of the Government official. For the offense to originate in the mind of a defendant, it is not necessary that the defendant be the instigator of a particular sale or act, but only that he have the general intention to commit such an offense whenever the opportunity is offered. Demos v. United States, 5 Cir. 1953, 205 F.2d 596. "The conduct with which the defense of entrapment is concerned is the manufacturing of crime by law enforcement officials and their agents. Such conduct, of course, is far different from the permissible stratagems involved in the detection and prevention of crime * * * [Affording] an opportunity for the continuation of a course of criminal conduct, upon which [a defendant] had earlier voluntarily embarked [is not entrapment]." Lopez v. United States, 1963, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462.

The Court has carefully reviewed the record. The procedures the agents used in this case are within the general principles established in the decisions cited in the previous paragraph. They fall within the specific guidelines set out in Williamson v. United States, 5 Cir. 1962, 311 F.2d 441 and Hill v. United States, 5 Cir. 1964, 328 F.2d 988.

The trial court's charge was lucid and thorough. It fairly apprised the jury of the applicable law. We find no error in the charge.

The judgment is affirmed.