**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Samuel Lawrence RAMSEY, Defendant-**
**Appellant.**

**No. 29329**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 11, 1970.

J. Mason Davis, Birmingham, Ala. (Ct.Apptd.), for appellant.

Melton L. Alexander, Asst. U. S. Atty., Wayman G. Sherrer, U. S. Atty., L. Scott Atkins, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

 Samuel Lawrence Ramsey appeals from a judgment of conviction of having violated 26 U.S.C. § 5861(c), relative to unlawful possession of a firearm made in violation of 26 U.S.C. § 5822. He contends on appeal that the verdict was against the weight of the evidence and that the statutory offense for which he was tried violated his privilege against self-incrimination. We find no merit to these contentions and affirm.[1]

1. We have concluded on the merits that this case is of the character that does not justify oral argument. Therefore, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this action in writing. 5 Cir.R. 18.

■ On March 27, 1968, Terry Parker was shot and wounded by the discharge of a sawed-off shotgun. During a card game, Parker, appellant Ramsey and another man became involved in an argument. Sometime later in the evening, Parker's father observed appellant with a shotgun. Minutes later he witnessed the shooting of his son by appellant who fled the scene. A police officer, called in the meantime to investigate the fracas, gave chase and succeeded in retrieving a weapon thrown to the ground by the fleeting figure. The weapon, a sawed-off shotgun made from a twelve-gauge, single barrel Victor Ejector shotgun, was identified at trial by the victim and his father as the gun used by Ramsey in the shooting affray. Appellant's contention that there was insufficient proof to show that he possessed the shotgun is not convincing in the light of the substantial evidence adduced. Taking the view most favorable to the Government, we sustain the verdict. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

■ The statutes involved in appellant's conviction are part of the new Gun Control Act of 1968 (codified as 26 U.S.C. §§ 5801 through 5872), as amended October 22, 1968, Pub.L. 90–618, which amended in toto the provisions of the National Firearms Act (codified as 26 U.S.C. §§ 5801 through 5862). In Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), relied on by appellant, the defendant was convicted under former Section 5851 of the National Firearms Act for possession of a firearm which had not been registered as provided by Section 5851. The current Gun Control Act places the burden of registering on the importer, maker, dealer and transferor, not on the possessor. 26 U.S.C. §§ 5802, 5841. Furthermore, under the new Act no information (other than false information) obtained from registration may be used directly or indirectly against the registrant in a criminal proceeding "with respect to a violation of law occurring prior to or concurrently with the filing of the application or registration, or the compiling of the records containing the information or evidence." 26 U.S.C. § 5848. Nothing in Sections 5822 or 5861, under which appellant was convicted, or in the other provisions of the Gun Control Act of 1968, requires appellant or a person so situated to incriminate himself. Even under the more stringent requirements of the former National Firearms Act, on at least two occasions, we rejected the contention made here that under the theory of *Haynes*, conviction for possession of an illegally made firearm contravenes the incriminatory provisions of the Fifth Amendment. See Marshall v. United States, 5 Cir., 1970, 422 F.2d 185, 193–195; Burton v. United States, 5 Cir., 1969, 414 F.2d 261, 262–263, and the numerous post-*Haynes* decisions from other courts cited therein, which were decided prior to the enactment of the Gun Control Act of 1968, and which stand for the proposition that unlike a conviction under the statutory registration requirements considered in *Haynes* a conviction for possessing an illegally made firearm presents no constitutional problems.

Affirmed.