438 F.2d 715
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rolando L. MATTHEWS, Defendant-Appellant.
No. 30269 Summary Calendar.*
*Rule 18, 5th Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 18, 1971.
 
 John L. Fashing, El Paso, Tex. (Court-appointed) for defendant-appellant.
 Seagal V. Wheatley, U.S. Atty., Haskell Shelton, Asst. U.S. Atty., El Paso, Tex., Harry H. Ellis, Senior Atty., I.R.S., Dallas, Tex., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 LEWIS R. MORGAN, Circuit Judge:
 
 
 1
 Rolando L. Matthews was convicted of wilfully and knowingly possessing, on November 22, 1969, a firearm which had not been registered to him as required by part of the new Gun Control Act of 1968 (codified as 26 U.S.C. 5801 through 5872), as amended October 22, 1968, Pub.L. 90-618, 82 Stat. 1213, which amended in toto the provisions of the National Firearms Act (codified as 26 U.S.C. 5801 through 5862).
 
 
 2
 Appellant Matthews acquired the firearm in May, 1966, from a dead soldier of the Republic of North Viet Nam during the course of a battle in the Republic of South Viet Nam in which appellant engaged as a soldier on duty in the United States Army. Matthews returned with the firearm to the United States in June, 1967, and he was discharged from the Service in El Paso, Texas, in January, 1968, and had the firearm with him at that time. He kept the firearm with him from January, 1968, until it was seized from him on November 22, 1969, in El Paso County, Texas. He made no effort to register the firearm, or to surrender the firearm or voluntarily abandon same at any time prior to its seizure from his possession. The firearm is fully automatic and operational and Matthews had knowledge of this fact. Up to the time of seizure, the firearm had not been registered to the appellant in the National Firearms Registration and Transfer Record.
 
 
 3
 Appellant contends first on this appeal that the application to this case of 26 U.S.C. 5861(d) is unconstitutional under the Fifth, Ninth, and Tenth Amendments to the Constitution of the United States, in that it is not supportable as an appropriate and necessary aid to the reasonable enforcement of a valid revenue measure. Matthews complains that under the facts of this case, where no tax is involved or collectible from anyone, that it is not a constitutional exercise of the legislative power of Congress.
 
 
 4
 The original National Firearms Act, which the Act of 1968 amended, was considered in Sonzinsky v. United States, 7 Cir., 1936, 86 F.2d 486, aff'd 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772 (1937), and the Court of Appeals, at page 490, noted:
 
 
 5
 '* * * Section 2 is unusually free from regulative provisions, merely providing for a tax in varying amount upon different classifications of persons and requiring such persons to register their names and addresses and making it unlawful for them to engage in or continue such business without having registered or paid such tax.
 
 
 6
 'The tax thus imposed under section 2 can reasonably be said to be for the purpose of producing revenue-- it cannot even be said to be unreasonable in requiring a dealer to register and pay a tax of $200 per annum. It is unimportant, under such circumstances, that such levy may at the same time impose a degree of regulation.'
 
 
 7
 The Act of 1968 as amended merely required the appellant to register the firearm within 30 days of the effective date of the Act, in order that future transfer might be identified and taxed. Inasmuch as the Court of Appeals found a registration of dealers inoffensive in Sonzinsky, the mere fact that that Act did not attempt to tax transfers prior to the time it became effective, should not cause the otherwise valid registration provisions of the Act to be void as not being valid parts of a taxing measure, as claimed by the appellant.
 
 
 8
 In the opinion of the Supreme Court, in Sonzinsky, at page 513, it is said:
 
 
 9
 '* * * Here Sec. 2 contains no regulation other than the mere registration provisions, which are obviously supportable as in aid of a revenue purpose. On its face it is only a taxing measure, and we are asked to say that the tas, by virtue of its deterrent that the tax, by virtue of its deterrent as a regulation which is beyond the congressional power.
 
 
 10
 'Every tax is in some measure regulatory. To some extent it interposes an economic impediment to the activity taxed as compared with others not taxed. But a tax is not any the less a tax because it has a regulatory effect, * * * and it has long been established that an Act of Congress which on its face purports to be an exercise of the taxing power is not any the less so because the tax is burdensome or tends to restrict or suppress the thing taxed. * * *
 
 
 11
 'Inquiry into the hidden motives which may move Congress to exercise a power constitutionally conferred upon it is beyond the competency of courts. * * * They will not undertake, by collateral inquiry as to the measure of the regulatory effect of a tax, to ascribe to Congress an attempt, under the guise of taxation, to exercise another power denied by the Federal Constitution. * * *
 
 
 12
 'Here the annual tax of $200 is productive of some revenue. We are not free to speculate as to the motives which moved Congress to impose it, or as to the extent to which it may operate to restrict the activities taxed. As it is not attended by an offensive regulation, and since it operates as a tax, it is within the national taxing power.'
 
 
 13
 If the registration requirement was not offensive when coupled with a concurrent tax, it is not offensive when designed to aid the collection of tax on any future transfer of the registered item.
 
 
 14
 As to the appellant's contention that the statutory offense for which he was tried, 26 U.S.C. 5861(d), violated his privilege against self-incrimination, we find this to be without merit. See United States v. Ramsey, 5 Cir., 1970, 429 F.2d 565. Neither is there any merit in appellant's contention in his attack on the statute, 26 U.S.C. 5872, as appellant is not being prosecuted under this provision, nor could he be, since said statute is a civil statute dealing with the forfeiture of offending res.
 
 The judgment of the district court is
 
 15
 Affirmed.