**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bobby James COLEMAN, Defendant-Appellant.**

**No. 31003**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 3, 1971.

Thomas A. Deas, Mobile, Ala., court appointed for defendant-appellant.

C. S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Bobby James Coleman was charged with and convicted of possessing in violation of 26 U.S.C. §§ 5861(d) and 5871 a firearm that had not been registered to him in the National Firearms Registration and Transfer Record. In this appeal Coleman argues that had he registered his firearm [1]—an incendiary bomb fashioned from a gasoline-filled bottle lined with a white cloth wick—in compliance with the National Firearms Act [the Act], he would have been required to reveal information that might

---

* [1]  Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1.  26 U.S.C. § 5845(f) defines "destructive device" to include incendiary bombs.

subject him to prosecution under the Alabama fire bomb statute.[2] He contends, then, that the registration provisions of the Act violate the Fifth Amendment's privilege against self-incrimination.

The Supreme Court has recently considered and rejected as without merit the same argument Coleman presents to us. In United States v. Freed, et al., 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 [April 5, 1971], appellees, residents of California, were indicted under the Act for possessing unregistered hand grenades. The district court determined, inter alia, that the Act compelled self-incrimination. Accordingly, the judge granted appellees' motion to dismiss. In the proceedings before the Supreme Court appellees contended that California statutes punish the possession of grenades and that federal registration would thus incriminate them under that law. The Supreme Court concluded that appellees misconceived the meaning of the National Firearms Act.

■ A lawful transfer of a firearm may be accomplished only if it is registered. But it is the *transferor*—not the *transferee*—who does the registering. The transferor pays the transfer tax and receives a stamp denoting payment, which he attaches to the application submitted to the Internal Revenue Service.[3] The transferor must identify himself, describe the firearm, and give the name and address of the transferee, whose application must be supported by fingerprints and a photograph and a law enforcement official's certificate identifying them as those of the transferee and stating that the weapon is intended for lawful purposes. Only after the transferor has received the approved application form may the firearm transfer be made. The Act explicitly states that no information or evidence provided in compliance with the registration or transfer provisions can be used, directly or indirectly, as evidence against the registrant or applicant "in a criminal proceeding with respect to a violation of law occurring prior to or concurrently with the filing of the application or registration, or the compiling of the records containing the information or evidence."[4] The scope of the privilege, the Supreme Court noted, extends to the hazards of prosecution under state law for the same or similar offenses.[5]

It is the transferor, then, not the transferee, who makes any incriminating statements. Appellees pointed out that the transferee, if he wants the firearm, must submit a photograph and fingerprints. This information, appellees argued, may incriminate the transferee in the future. In answer to appellees' contention the Supreme Court noted that, for two reasons, the hazards of self-incrimination are not "substantial and real" but merely "trifling or imaginary": (1) The statute itself constitutes a barrier against use in a prosecution for prior or concurrent offenses; and (2) the information filed with the Internal Revenue Service is not, as a matter of administration, disclosed to other federal, local or state agencies.[6] Accordingly, the Supreme Court determined that the Act does not violate the Self-Incrimination Clause of the Fifth Amendment.[7]

2. Code of Alabama, Tit. 14, § 125(16)

3. 26 U.S.C. § 5811.

4. 26 U.S.C. § 5848.

5. 401 U.S. at 604, 91 S.Ct. at 1115, 28 L. Ed.2d 356.

6. The Solicitor General represented to the Supreme Court that no information filed with the Internal Revenue Service is as a matter of practice disclosed to any law enforcement authority, except as the fact of nonregistration may be necessary to an investigation or prosecution under the Act.

7. 401 U.S. at 605, 91 S.Ct. at 1116, 28 L. Ed.2d 356. The Supreme Court stated that although the Self-Incrimination Clause protects a person against past or present transgressions, it does not supply insulation for a career of crime about to be launched, 401 U.S. at 606, 91 S.Ct. 1117, 28 L.Ed.2d 356.

The principles articulated in United States v. Freed, et al., are determinative of the case at bar. Accordingly, the judgment appealed from is affirmed.[8]

Affirmed.

8. This Circuit determined that the Act is not violative of the privilege against self-incrimination in United States v. Matthews, 5th Cir. 1971, 438 F.2d 715 and United States v. Ramsey, 5th Cir. 1970, 429 F.2d 565.

