UNITED STATES of America,
Plaintiff-Appellee,

v.

Rufus Eafie HARRELL, Defendant-
Appellant.

No. 71-2357.

United States Court of Appeals,
Fifth Circuit.

April 21, 1972.

Euel A. Screws, Jr., Montgomery, Ala., for defendant-appellant; James Prestwood, Andalusia, Ala., and Hobbs, Copeland, Franco & Screws, Montgomery, Ala., of counsel.

Ira DeMent, U. S. Atty., D. Broward Segrest, Montgomery, Ala., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

COLEMAN, Circuit Judge:

This case comes as a reminder that while the *law* of entrapment is relatively plain its application to any particular case often remains clouded and confused.

This is the second appearance of this case in this Court. Our former decision is reported, United States v. Harrell, 5 Cir., 1970, 436 F.2d 606 [Judges Simpson, Morgan, and Ingraham].

On the former appeal, Rufus Eafie Harrell, the appellant, had been convicted of conspiracy to violate the Internal Revenue Laws, sale of non-tax paid spirits [2 counts], and possession of 200 gallons of such contraband. He was sentenced to imprisonment for thirty months. The conviction was reversed for the admission of inadmissible hearsay evidence.

The evidence surrounding the alleged offenses is fully reported in our former decision, 436 F.2d 609–611.

When the case came on for a second trial, after being reversed and remanded, Mr. Harrell was convicted only of conspiracy to violate the Internal Revenue Laws with reference to non-tax paid whiskey, 18 U.S.C. § 371. He was sentenced to serve thirty months in the custody of the Attorney General. He was acquitted of the three other counts which charged sale and possession.

On the present appeal, we affirm the judgment of the District Court.

Stripped to their essentials, the contentions presently raised are that Harrell was entitled to a judgment of acquittal because he was entrapped as a matter of law, or, in any event, the jury charge on entrapment was fatally defective.

■ We are of the opinion that the question of a directed acquittal (entrapment as a matter of law) was settled, as the law of the case, on the former appeal. On facts not materially dissimilar to those adduced at the trial now under review, this Court held:

"We are of the view, however, that the question of entrapment in this case was properly for decision by the jury as a factual matter, not by the trial judge as a matter of law. Goss v. United States, 5 Cir., 1967, 376 F. 2d 812; Cline v. United States, 8 Cir., 1920, 20 F.2d 494. As stated in *Goss*,

supra: 'The issue of entrapment is a question for the jury unless as a matter of law the defendant has established beyond a reasonable doubt that he was unlawfully entrapped.' Here, it is apparent that the evidence was susceptible of more than one interpretation."

This leaves only the question of whether the jury instructions on entrapment were erroneous. We briefly discussed jury instructions in the former opinion, 436 F.2d 612, and stated that the conviction would have been reversed for error in the instructions if there had been timely objection in the trial court. We went ahead to say that once the defendant has come forward with some evidence of inducement then the jury must be instructed that it is the government's burden to prove entrapment beyond a reasonable doubt. Attention was directed [footnote 6, 436 F.2d 612] to Notaro v. United States, 9 Cir., 1966, 363 F.2d 169, and four other decisions, dealing with the procedural guidelines to be followed once the entrapment issue is raised.

On the trial now under review the District Court charged the jury, as to the burden of proof on entrapment, as follows:

"You have heard considerable discussion in this case on entrapment. Entrapment is a part of the defense in this case. I want to charge you on the law of entrapment. The burden of proof in this case is on the Government as to each count. The burden of proof is on the United States as to each element in each count. *The burden of proof in this case is on the Government to prove that there was no unlawful or illegal entrapment, and to do that, as they are required to do other things, to do it with the evidence beyond a reasonable doubt.* (emphasis added) Now, in this case, Harrell offers as a defense that he was unlawfully entrapped. Where a person has no previous intent or purpose to violate the law, but is induced

or persuaded by law enforcement officers to commit a crime, he's entitled to the defense of entrapment; because the law as a matter of policy, forbids conviction in cases like that. On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that Government agents provide what appears to be a favorable opportunity is no defense. When, for example, the Government has reasonable grounds for believing that a person is engaged in the illicit whiskey business, it's not unlawful for the Government agent to pretend to be someone else and to offer, either directly or through an informer, to purchase illegal whiskey from such suspected person. If, then, you jurors should find from the evidence that, before anything at all occurred respecting the offenses involved here, Harrell was ready and willing to commit crimes such as those charged in this indictment whenever the opportunity presented itself, and the Government merely offered him the opportunity, then Harrell is not entitled to the defense of entrapment. If, on the other hand, you jurors should find that Harrell had no previous intent or purpose to commit any offense as charged in this indictment, and did so only because he was induced or persuaded by some agent of the Government; then the prosecution, the law says, has seduced an innocent person, and the defense of entrapment is a good defense and the defendant should be acquitted."

Before the District Judge instructed the jury [R. 168–169], in a colloquy with defense counsel, he stated, "I will charge that the evidence must convince beyond reasonable doubt of the guilt, including this business that there was no entrapment. * * * I will charge that a prior criminal record does not disqualify an accused from defending on the ground of entrapment, and then the burden is on the Government to satisfy that there was no entrapment, as I will define that to them".

Upon completion of the charge [R. 186–187], when exceptions or objections were called for, the following took place:

"MR. SCREWS: [Counsel for Harrell] Judge, I was going to ask the Court to charge the jury on the burden of proof requirements of entrapment, to prove beyond a reasonable doubt that he was not unlawfully entrapped; and specifically, I refer, to charges thirteen, fifteen, sixteen, and seventeen.

"THE COURT: Didn't I charge them that the burden was on the Government to prove that Rufus E. Harrell was not unlawfully entrapped?

"MR. SCREWS: I don't believe you charged them that the burden was to prove beyond a reasonable doubt.

"THE COURT: I think I did. I will stand on it I—I recall doing it; I will stand on the record on it."

In *Notaro* the Ninth Circuit approved, as correct, this (first) part of the jury instructions:

"If, then, the jury should find beyond a reasonable doubt from the evidence in the case that before anything at all occurred respecting the alleged offense involved in this case, the accused was ready and willing to commit crimes such as charged in the indictment, whenever opportunity was offered and that the Government agents did no more than offer the opportunity, the accused is not entitled to the defense of unlawful entrapment."

It disapproved this (second) part of the instruction:

"On the other hand, if the jury should find from the evidence in the case that the accused had no previous intent or purpose to commit any offense of the character here charged, and did so only because he was induced or persuaded by some agent of the Government, then the defense of unlawful entrapment is a good defense and a jury should acquit the defendant."

It held that the second portion of the instruction, to avoid confusion on the part of the jury, should have included the following language:

"In this regard, if the jury should have any reasonable doubt from the evidence in the case as to whether the defendant was the victim of an unlawful entrapment, the jury should acquit the accused."

In the case now before us, the following language in the entrapment instruction is undoubtedly clear and is of such clarity that no qualified juror could be expected to misunderstand it:

"You have heard considerable discussion in this case on entrapment. Entrapment is a part of the defense in this case. I want to charge you on the law of entrapment. The burden of proof in this case is on the Government as to each count. The burden is on the United States as to each element in each count. The burden of proof in this case is on the Government to prove that there was no unlawful or illegal entrapment, and to do that as they are required to do other things, to do it with the evidence beyond a reasonable doubt. Now, in this case, Harrell offers as a defense that he was unlawfully entrapped. Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers to commit a crime, he's entitled to the defense of entrapment; because the law, as a matter of policy, forbids conviction in cases like that. On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that Government agents provide what appears to be a favorable opportunity is no defense. When, for example, the Government has reasonable grounds for believing that a person is engaged in the illicit whiskey business, it's not unlawful for the Government agent to pretend to be someone else and to offer, either directly or through an informer, to purchase illegal whiskey from such suspected person."

The determinative issue then narrows to whether the remainder of the instruction, as first hereinabove set forth, could reasonably have confused the jury as to the burden required of the prosecution.

Upon careful consideration we are persuaded that the correct answer is in the negative.

■ The closing portion of the instruction was a correct statement of the law of entrapment, that is, (1) if Harrell was ready and willing to commit the offense charged whenever the opportunity presented itself and the government merely offered him the opportunity, then there was no entrapment; (2) if there was no prior intent or purpose to commit the offense charged and it was done only because the defendant was induced or persuaded by some agent of the government then entrapment is a good defense.

There is nothing said in this part of the instruction as to the burden of proof on anybody. At the very beginning of the instruction the jury was clearly informed that the burden of proof was on the prosecution to prove by the evidence beyond a reasonable doubt that there had been no unlawful or illegal entrapment.

■ We know of no reason to hold that the jury had to be told more than once that the burden was (and is) as there set forth.

The oral arguments to the jury are not in the record, but the record does show that before charging the jury the District Judge told counsel for the defense that he would inform the panel that the government would have to prove the absence of entrapment beyond a reasonable doubt. He, in fact, did so charge.

We are thus of the view that there was no reversible error below and no justification for remanding this case for a third trial.

The judgment of the District Court is Affirmed.

THORNBERRY, Circuit Judge (dissenting):

I regret that I am unable to concur.

Under the principles enunciated in Notaro v. United States, 9 Cir., 1966, 363 F.2d 169, approved by this Court in United States v. Harrell, 5th Cir. 1970, 436 F.2d 606, 612 n. 6, I would reverse appellant's conviction in the instant case.

In *Notaro*, the following charge on entrapment was rejected:

> If, then, the jury should find beyond a reasonable doubt from the evidence in the case that before anything at all occurred respecting the alleged offense involved in this case, the accused was ready and willing to commit crimes such as charged in the indictment, whenever opportunity was offered and that the Government agents did no more than offer the opportunity, the accused is not entitled to the defense of unlawful entrapment.
>
> On the other hand, if the jury should find from the evidence in the case that the accused had no previous intent or purpose to commit any offense of the character here charged, and did so only because he was induced or persuaded by some agent of the Government, then the defense of unlawful entrapment is a good defense and a jury should acquit the defendant.

363 F.2d at 173.

The trial court in the instant case charged:

> The burden of proof in this case is on the Government to prove that there was no unlawful or illegal entrapment, and to do that, as they are required to do other things, to do it with the evidence beyond a reasonable doubt. Now, in this case, Harrell offers as a defense that he was unlawfully entrapped. Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers to commit a crime, he's entitled to the defense of entrapment; because the law, as a matter of policy, forbids conviction in

cases like that. On the other hand, where a person already has the readiness and willingness to break the law, the mere fact that government agents provide what appears to be a favorable opportunity is no defense . . .

> *If, then, you jurors should find from the evidence that,* before anything at all occurred respecting the offenses involved here, Harrell was ready and willing to commit crimes such as those charged in this indictment whenever the opportunity presented itself, and the Government merely offered him the opportunity, then Harrell is not entitled to the defense of entrapment, *If, on the other hand, you jurors should find that* Harrell had no previous intent or purpose to commit any offense as charged in this indictment, and did so only because he was induced or persuaded by some agent of the Government; then the prosecution, the law says, has secured an innocent person, and the defense of entrapment is a good defense and the defendant should be acquitted. (Emphasis added)

In both cases, the first part of the charge properly conveys advice to the effect that appellant was not entitled to the defense of entrapment if the jury should find beyond a reasonable doubt that he was ready and willing to commit the offense and that the government agents did no more than provide the opportunity. In both cases, however, the second part of the charge, pointing directly to the elements of the defense and using the emphasized language, likely created the impression in lay minds that appellant carried the burden on the positive elements of his defense. I thus see no distinction between *Notaro* and the instant case.

The majority quotes language of the trial court indicating his intent to make clear that the reasonable doubt standard was to be applied to the entrapment defense. I have no doubt that the trial court made a conscientious effort to follow the mandate of this Court in the previous appeal of this case. His failure

to do so, however, makes any intent on his part irrelevant and necessitates a reversal here.

I respectfully dissent.