**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James RAMEY, Defendant-Appellant.**

**No. 72–1910**
**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

Aug. 4, 1972.

---

Robert B. Thompson, Gainesville, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

There is a single question raised on this appeal from James Ramey's conviction and sentence, following a non-jury trial below, for violation of unlawfully, wilfully and knowingly possessing and transporting 40 gallons of non-tax paid distilled spirits ("moonshine whiskey").[1]

Ramey complains of the denial below of his motion to suppress evidence (the whiskey in question) seized as a result of a warrantless search, seizure and arrest. He was driving a 1962 Buick automobile on April 16, 1971, when he was stopped and searched. Officers discovered 40 gallons of illicit whiskey concealed in the trunk of the Buick. Thus the sole question presented is whether there was probable cause for the search.

The constitutionality of the search was upheld below upon the testimony of Special Agent Koppe of the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service, supplemented by the testimony of a Fulton County, Georgia, Deputy Sheriff, Mr. White, who was riding in the same car with Special Agent Koppe when Ramey's vehicle was stopped and searched in the Paradise Shoals neighborhood in Cobb County, Georgia.[2] Deputy White's testimony was corroborated by Special Agent Koppe.

On the evening of April 16 Special Agent Koppe was surveilling a restaurant at 1045 Huff Road which Ramey was reported to frequent and to use as a base for his illicit whiskey business. To Mr. Koppe's knowledge Ramey had a reputation among the law enforcement officers of being in the whiskey business, and the agent also knew that Ramey had served time for prior violations. Special Agent Koppe observed Ramey leave the restaurant driving a 1962 Buick which was "setting up in the rear, and it was riding hard". Koppe testified that the type of heavy duty springs he saw on the 1962 Buick are frequently used by persons hauling non-tax paid whiskey to prevent calling attention to an otherwise appearance of being weighted down, or setting low in the rear. Special Agent Koppe followed the 1962 Buick to where it turned into Paradise Shoals Road, a dead-end road. Koppe stopped at the head of the road and watched the Buick stop at one of the houses. He observed the Buick emerge from the dead-end road with the

---

1. In violation of Title 26, U.S.C., Sections 5205(a) (2) and 5604(a) (1).

2. Cobb County is immediately to the north of Fulton County and is a part of metropolitan Atlanta.

rear end setting lower than it had upon entering. Koppe testified that the area of the dead-end street had a reputation as an illicit whiskey "stash" (cache), giving several reasons for this reputation. He had information about the area from an informer who had stashed whiskey in the area in the past and three days prior to April 16 he and other agents had followed a Ford Thunderbird from a known illicit distillery to the same road and noticed that it was "setting up" considerably higher in the rear when it emerged from the area than when it had entered.

Koppe followed the lower riding Buick away from the Paradise Shoals Road to a point on Johnson Road, stopped Ramey and searched his car finding the 40 gallons of non-tax paid whiskey in the trunk. Koppe estimated the weight of the non-tax paid whiskey at 320 pounds, 8 pounds per gallon. He testified that he had no opportunity under the circumstances to secure a search warrant. The motion to suppress was denied on the basis of this testimony, and the appellant Ramey was convicted by the trial judge, who imposed a confinement sentence of one year and one day.

We find no merit in the appellant's contention that the motion to suppress should have been granted. The search and arrest here were based on observations which gave rise to probable cause for the officer, Special Agent Koppe, to believe that the Internal Revenue laws were being violated by the transportation of non-tax paid whiskey. Cases such as this must be considered on an individual basis in the light of the particular circumstances involved. Potter v. United States, 5 Cir. 1966, 362 F.2d 493. The general rule pertaining to the search of automobiles or other moving vehicles was first set forth in Carroll v. United States, 1925, 267 U.S. 132, 149, 45 S.Ct. 280, 283–284, 69 L.Ed. 543, 549, and stands unassailed in the nearly fifty years since it was stated:

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which is subject to seizure and destruction, the search and seizure are valid . . ."

The Supreme Court stated a common sense basis for this rule as follows:

" . . . a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." 267 U.S. at page 153, 45 S.Ct. at page 285.

This rule has been enforced in countless cases through the years. See, e. g., Brinegar v. United States, 1948, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, a case with a marked factual similarity to the present case; Scher v. United States, 1938, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151; Husty v. United States, 1931, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629; United States v. Blackwell, 5 Cir. 1970, 430 F.2d 1270.

The *Carroll* rule was modified by relaxing the requirement of "exigent circumstances" in Chambers v. Maroney, 1970, 399 U.S. 42, 52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419, 428–429, which clearly allows a vehicle stopped upon probable cause to be searched without a warrant even though the vehicle is no longer "mobile", and permits a warrantless search even after the vehicle has been moved to police headquarters. The appellant's attempt to equate the search here with "arrest on mere suspicion [which] collides violently with the basic human right of liberty", Henry v. United States, 1959, 361 U.S. 98, 101, 80 S.Ct. 168, 170–171, 4 L.Ed.2d 134, is wide of the mark.

The judgment appealed from is

Affirmed.