**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Edwin WEAVER, Ben F. Catrett,
Defendants-Appellants.**

**No. 72–2105.**

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1973.

Rehearing Denied Feb. 6, 1973.

Rehearing and Rehearing En Banc
Denied March 5, 1973.

Billy R. Covington, Meridian, Miss., for Weaver.

James G. McIntyre, Jackson, Miss., for Catrett.

Robert E. Hauberg, U. S. Atty., James B. Tucker, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is before us on the trial record, appellate briefs, and oral argument. We affirm the judgments of convictions as to both Weaver and Catrett.

## A.

### *William Edwin Weaver*

A jury convicted this appellant of knowingly and intentionally distributing 12,290 capsules of bifetamina, 21 U.S.C. § 841(a)(1); likewise of knowingly and intentionally distributing 43,960 capsules of the same substance; and of conspiracy to distribute the same controlled substance in violation of 21 U.S.C. §§ 841 and 846. The District Court imposed two consecutive sentences of five years each, in addition to a $5,000 fine.

Weaver says that his conviction should be reversed because the Court erred in its instructions on entrapment.

Although the government and the defendant requested instructions on entrapment, our examination of the record thoroughly convinces us that the proof on this issue did not warrant its submission to the jury. Even so, we perceive no error in the content of the instructions. See United States v. Harrell, 5 Cir., 1972, 458 F.2d 655.

This means, of course, that Weaver's conviction must be affirmed.

## B.

### *Ben F. Catrett*

In the same trial, the jury convicted Catrett of the same conspiracy count on which Weaver had been convicted. Catrett was sentenced to imprisonment for five years and to pay a fine of $5,000.

In an excellent brief, counsel for Catrett argues that there was no probable cause for the seizure of the automobile being used by Catrett, 21 U.S.C. § 881(a)(4), that the incriminating contents found in the seized automobile should accordingly have been suppressed, that there was no probable cause to arrest Catrett for conspiracy, and that Catrett was erroneously denied a severance. Furthermore, it is argued that Catrett was entitled to a directed acquittal at the close of the evidence for the government.

These contentions necessitated a thorough perusal and a careful appraisal of the voluminous trial transcript, bearing in mind that questions of "probable cause" have to be considered on an individual basis in the light of *all* the circumstances involved, United States v. Ramey, 5 Cir., 1972, 464 F.2d 1240.

Our evaluation of the record, including proof of the activities of Catrett, the movements of the prohibited substances, the observations of the agents who had the operations under surveillance over several days time, and the location of certain "recorded" bills (currency) prior to the seizure, adequately supported probable cause for the seizure of the vehicle and the arrest of its driver.

While the other points raised were by no means frivolous, they do not justify reversal. A discussion would be of no precedential value in these well trodden fields.

Affirmed.