**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Homero SEPULVEDA,
Defendant-Appellant.**

No. 82–1568.

United States Court of Appeals,
Fifth Circuit.

July 12, 1983.

Gary Hill, Scott Segall, El Paso, Tex., for defendant-appellant.

Sidney Powell, Joe Turner, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN and JOLLY, Circuit Judges, and PUTNAM *, District Judge.

PUTNAM, District Judge:

Defendant Sepulveda was charged in Count Three of a three-count indictment with conspiring with one Ramon Antonio Quintana-Samaniego to possess cocaine with intent to distribute, in violation of Title 21 U.S.C.A. §§ 841(a)(1) and 846. Counts one and two of the indictment charged Quintana and Armando Silva with conspiracy to possess heroin with intent to distribute and with the actual distribution of heroin. In the course of events, Silva entered pleas of guilty, Quintana fled, leaving Sepulveda, who was tried alone and convicted by a jury.

Defendant contends on appeal that it was error for the trial court to admit evidence relating to the heroin transaction, to which defendant was not a party, and that the court's charge was insufficient to eliminate the substantial prejudicial effect on appellant's case. The court, in denying defendant's motion, found the two transactions to be inseparable. (Tr. Vol. II, pp. 41–42.)

The court instructed the jury that appellant was not accused of, nor on trial for, any crime involving a heroin transaction.

 Defendant maintains that testimony relating to the heroin transaction was "extrinsic evidence" and should have been excluded under Fed.R.Evid. 404(b), 28 U.S.C.A. Simply stated, the testimony was not evidence of extrinsic acts, the admission of which is proscribed by Rule 404(b). This rule deals with acts committed by the defendant himself. *U.S. v. Torres,* 685 F.2d 921 (5 Cir.1982); *U.S. v. Bates,* 600 F.2d 505 (5 Cir.1979). Furthermore, as the trial court found, the evidence of which defendant complains was inextricably intertwined with the evidence used to prove the crime charged. Such evidence is not characterized as "extrinsic". *U.S. v. Torres, supra; U.S. v. Kloock,* 652 F.2d 492 (5 Cir.1981); *U.S. v. Aleman,* 592 F.2d 881 (5 Cir.1979).

Defendant also complains that the admission of testimony relating to events occurring prior to his involvement in the alleged conspiracy was erroneous.

 Quintana was a coconspirator with Sepulveda. As such, his actions and declarations are admissible against the latter "even though made or done prior to the adherence of [defendant] to the conspiracy." *U.S. v. U.S. Gypsum Co.,* 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746, (1948), rehearing denied 68 S.Ct. 788. See also: *U.S. v. Bates, supra.* Further, proof of the existence of the charged conspiracy is not confined to the acts of the defendants on trial. *U.S. v. Araujo,* 539 F.2d 287 (2d Cir.1976), cert. den. 429 U.S. 983, 97 S.Ct. 498, 50 L.Ed.2d 593.

 Defendant maintains that he was unduly prejudiced by the testimony which, even assuming its relevance, should have been excluded under Fed.R.Evid., Rule 403, 28 U.S.C.A. Rule 403 reads:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The court must balance the probative value of the evidence against any prejudicial effect in making a determination of whether to exclude evidence under this Rule. The trial judge has wide discretion in determining relevancy and admissibility in such cases. *U.S. v. Brown,* 692 F.2d 345 (5 Cir.

* District Judge of the Western District of Louisiana, sitting by designation.

1982); *Wangrow v. U.S.*, 399 F.2d 106, 115 (8 Cir.1968), cert. den. 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 270; *U.S. v. Harrell*, 436 F.2d 606 (5 Cir.1970), cert. den. 409 U.S. 846, 93 S.Ct. 49, 34 L.Ed.2d 86 (aff'd after remand, 5 Cir., 458 F.2d 655). In this case, the judge felt that the probative value of the evidence outweighed any prejudice to Sepulveda. We cannot say that his action in this instance was erroneous.

■ Finally, any possible prejudice to defendant was cured by the trial judge's limiting instruction, set out in the margin.[1] AFFIRMED.

---

1. The pertinent part of the charge was as follows:

"I caution you, members of the jury, that you are here to determine the guilt or innocence of the accused from the evidence in this case. The defendant is not on trial for any act or conduct or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case.

"As an example of what I'm talking about there, there was testimony about some other transaction that's alleged to have occurred involving the drug heroin. That case is not on trial before you. The defendant here is not accused of that. The people who were talked about in that connection are not on trial before this jury. And so that's an example of what I mean when I say the Defendant is not on trial for any conduct not alleged in the indictment and that you are not called upon to return a verdict as to the guilt or the innocence of somebody else who is not on trial."