**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Billy Joe NICHOLS,
Defendant-Appellant.**

**No. 85–3135.**

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1986.

Steve Orr, Ira Davis, Austin, Tex., for defendant-appellant.

John P. Volz, U.S. Atty., Warren Montgomery, Harry W. McSherry, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before CLARK, Chief Judge, TATE, and DAVIS, Circuit Judges.

PER CURIAM:

Appellant Billy Joe Nichols challenges his convictions for four counts of importing

---

cocaine and possession with intent to distribute cocaine. Because the district court erroneously admitted into evidence Nichols' prior convictions for conspiracy to commit the same crimes, we reverse.

## I

In June, 1982, Claude Griffin and Fernando Lopez hired James Eakes and Robert Ross to transport cocaine from Colombia to the United States. Eakes and Ross hired Billy Joe Nichols to pilot the aircraft transporting the cocaine. Nichols piloted the plane that brought shipments of cocaine into the United States in July, 1982, and in August, 1982. He was not able to transport the October, 1982 shipment because his aircraft developed mechanical difficulties. That shipment was smuggled in by other means. The smugglers made plans for a fourth shipment, but never attempted to transport it.

Nichols was convicted by a jury of one count of conspiracy to import cocaine and one count of conspiracy to possess with intent to distribute cocaine on the basis of the plan to smuggle the fourth load of cocaine from Colombia into the United States. He received two seven and one-half year sentences, the sentences to run concurrently.

Following these convictions, Nichols was charged with both conspiracy and the corresponding substantive crimes in three separate indictments. The three cocaine shipments that actually reached the United States formed the basis for the three separate indictments.

On appeal of the denial of Nichols' motion to dismiss the indictments as violative of the double jeopardy clause, a panel of this court held that Nichols had "participated in a single conspiracy to commit multiple violations of the drug control law." *United States v. Nichols*, 741 F.2d 767, 772 (5th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1186, 84 L.Ed.2d 333 (1985). That panel also held that "conspiracy to commit a crime and the crime itself are separate offenses" under the *Blockburger* test, and that Nichols' separate trials for conspiracy and for the substantive crimes did not constitute double jeopardy. *Id.* at 773. Following this ruling, the district court granted Nichols' motion to consolidate the three indictments.

The resulting superseding indictment named Nichols and Eakes as co-defendants. It charged Nichols with three counts of importation of cocaine and three counts of possession with intent to distribute cocaine. It charged Eakes with these counts and with conspiracy as well. Nichols was convicted on all four of the counts that grew out of the two flights on which he acted as pilot. He received a ten year sentence on each count, the sentences to run concurrently with each other and with his prior sentences.

On the present appeal from these last four convictions, Nichols makes three basic arguments: (1) statements by the prosecuting United States attorney in closing arguments infringed on his fifth amendment right to remain silent; (2) multiple trials for separate offenses arising out of a single conspiracy violate the double jeopardy clause and due process rights; (3) the admission into evidence of his initial conspiracy convictions at the trial on the substantive crimes constituted reversible error.

## II

We first turn to Nichols' argument that multiple trials for separate offenses rising out of a single conspiracy violate the double jeopardy clause. A prior panel of this court has rejected this precise argument by Nichols. That court held that "[s]ubstantive charges may be brought after successful completion of conspiracy charges involving those substantive offenses." *United States v. Nichols*, 741 F.2d at 772 (citing *United States v. Kalish*, 734 F.2d 194 (5th Cir.1984)). The court relied on valid Fifth Circuit precedent and on the Supreme Court's test for determining whether two offenses are the same for double jeopardy purposes. *Id.* at 772–73 (quoting *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). We are bound by this prior panel's determi-

nation on this issue, and thus reject Nichols' double jeopardy argument.

## III

 We now turn to Nichols' contention that the district court erroneously admitted his prior conspiracy conviction into evidence under Fed.R.Evid. 404(b). Rule 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts ... to prove the character of a person in order to show that he acted in conformity therewith. [Such evidence] may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b).

The government contends that the conspiracy convictions were admissible under Rule 404(b) at the trial on the substantive crimes for the purpose of establishing intent. Nichols argues that the convictions were not admissible because they represented unnecessary cumulative evidence, and because the conspiracies were not "other" crimes to which Rule 404(b) applies.

We note also that on appeal of the conspiracy convictions, a panel of this court upheld admission of evidence of the substantive crimes during the conspiracy trial because that evidence was not "extrinsic" within the meaning of Rule 404(b). *See United States v. Nichols*, 750 F.2d 1260, 1264–65 (5th Cir.1985) (relying on prior panel's determination that Nichols' offenses arose out of a single conspiracy). It is not necessary, however, for us to decide whether the conspiracy convictions are extrinsic evidence for purposes of Rule 404(b). The admissibility of all relevant evidence depends on the balancing test set out in Fed. R.Evid. 403. Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Determinations of admissibility under this rule are within the discretion of the trial court, and we review such determinations only for an abuse of that discretion. *United States v. Sepulveda*, 710 F.2d 188, 189 (5th Cir. 1983); *United States v. De La Torre*, 639 F.2d 245, 249 (5th Cir.1981).

Here, the district judge admitted the conspiracy convictions into evidence expressly for the purpose of showing intent and identity, and read the conspiracy indictments to the jury. In closing argument, the prosecutor told the jury it could use the conspiracy convictions "to determine if we have the right guy." In light of this court's holding that Nichols had participated in a single conspiracy to commit the crimes involved in all four smugglings, these convictions told the jury that Nichols had been found guilty of conspiring to commit the very crimes for which he was then on trial. The highly prejudicial nature of such evidence substantially outweighed its probative value for intent and identity. This was not a close case. Indeed, the government asserts the evidence of Nichols' guilt was so overwhelming that the record contained no evidence to the contrary. The "danger of unfair prejudice, confusion of the issues, or misleading the jury, ... [and the] needless presentation of cumulative evidence," which Rule 403 counsels be considered, substantially outweighed any probative value produced by the admission of the conspiracy convictions. Their admission constituted an abuse of the trial court's discretion.

## IV

Finally, we turn to Nichols' argument that statements made by the federal prosecutor in closing arguments constituted an impermissible comment on Nichols' fifth amendment right to remain silent. The prosecutor has conceded that his statements were ill-advised, while arguing that any resulting error was harmless. This issue is not likely to recur on remand, and we refrain from addressing it here.

The judgment appealed from is

REVERSED AND REMANDED.