EMILIO M. GARZA, Circuit Judge,
dissenting:
The majority holds that, in a prosecution for possession of an unregistered short-barrel shotgun in violation of 26 U.S.C. § 5861(d), “chemicals and other indicia of drug manufacturing[1] [obtained pursuant to lawful search warrants] was extrinsic offense evidence” under Rule 404(b) of the Federal Rules of Evidence, maj. op. at 522, and concludes that “admission of th[is] extrinsic offense evidence ... unfairly prejudiced] defendant and compels reversal of the conviction and remand for a new trial.” Id. at 524. Because our circuit’s well-established jurisprudence supports the opposite conclusion— that such evidence is not extrinsic evidence under Rule 404(b), but rather intrinsic circumstantial evidence of knowledge and possession of the shotgun — I respectfully dissent.
Harold Ridlehuber, Jr. was convicted of possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. § 5861(d). Section 5861(d) requires that certain firearms,[2] including short-barreled shotguns, be registered in the National Firearms Registration and Transfer Act.[3] See 26 U.S.C. §§ 5845, 5861(d). Under this statutory scheme, the transferor must register the weapon in the name of the transferee before delivery; only after registration may delivery occur lawfully. See United States v. Coleman, 441 F.2d 1132, 1133 (5th Cir.1971).
The statute makes it unlawful for any person “to receive or possess a firearm which *528 is not registered to him.” 26 U.S.C. § 5861(d). The “only knowledge required to be proved [is] that the instrument ... was a firearm.” [United States v.] Freed, 401 U.S. [601,] 607, 91 S. Ct. [1112,] 1117 [28 L.Ed.2d 356 (1971) ]. Similarly, to establish an unlawful transfer, 26 U.S.C. § 5861(e), mere knowledge that the instrument was a firearm is sufficient. It is not necessary in either case that the charged party know that his reception, possession, or transfer of the firearm violated the Act.
United States v. Moschetta, 673 F.2d 96, 100 (5th Cir.1982).[4] “As used in the Act, the word ‘firearms’ is a term of art that includes primarily weapons thought to be of a military nature and of no legitimate use for sport or self-defense.” United States v. Anderson, 885 F.2d 1248, 1250 (5th Cir.1989) (en banc). Although the Act requires no specific intent or knowledge that a firearm was unregistered, see Freed, 401 U.S. at 607, 91 S.Ct. at 1117, “we [have] concluded that a conviction should require that the charged party kn[o]w it was a ‘firearm’ in the Act sense, not that he (or she) merely kn[o]w it was a firearm [in the ordinary sense].” Anderson, 885 F.2d at 1251. In establishing this limited mens rea, we recognized that in most cases knowing possession of a “firearm” in the Act sense will be provable if it exists because “a jury can ordinarily infer knowledge of their nature from the possession of such illegal items and the surrounding circumstances.” Id. at 1255 n. 13. The majority excludes any inference of knowledge or possession “from ... the surrounding circumstances.”
Rule 402 is the “baseline” of the Federal Rules of Evidence. See Daubert v. Merrell Dow Pharmaceuticals, Inc., — U.S. -, -, 113 S.Ct. 2786, 2793, 125 L.Ed.2d 469 (1993). “All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.” Fed.R.Evid. 402. Rule 401 defines “relevant evidence” as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Fed.R.Evid. 401. “The rule’s basic standard of relevance thus is a liberal one.” Daubert, — U.S. at -, 113 S.Ct. at 2794.
In United States v. Smith, 930 F.2d 1081 (5th Cir.1991), a case extremely similar to the facts here, we held that a district court’s decision to admit drug-related evidence where the defendant was charged with federal firearms violations did not run afoul of Rules 402 or 403 of the Federal Rules of Evidence. Id. at 1087. As in the instant case, a house occupied by Smith was searched pursuant to a search warrant for drugs.
The odor of amphetamine permeated the house, and six guns, four of them loaded, were recovered from various rooms. Glassware and condenser tubes known to be used in the manufacture of amphetamine were stashed in an upstairs closet and later determined to bear the fingerprints of both the defendant and Randy Smith.
Id. at 1083-84.[5] “[A] federal grand jury returned a three count indictment charging *529 the defendant with federal arms violations.”[6] Id. at 1084. Smith claimed that drug-related testimony should have been excluded as irrelevant under Fed.R.Evid. 402 or as unfairly prejudicial under Rule 403. Id. at 1087. We held, however, that the district court’s decision to admit this evidence “did not run afoul of Rule 402.” Id.
Evidence of drug dealing was undoubtedly relevant here. In this Circuit, the jury is 'permitted to view and consider the entire circumstances surrounding an alleged offense. Thus, in United States v. Randall, 887 F.2d 1262 (5th Cir.1989), the defendant was charged with carrying a firearm during cocaine trafficking. Yet this court held that evidence regarding marijuana dealing was admissible, because evidence which is “inextricably intertwined with ... evidence used to prove the crime charge is admissible so that the jury may evaluate all of the circumstances under which the defendant acted.” Id. at 1268; see also United States v. Sepulveda, 710 F.2d 188, 189 (5th Cir.1983).
Id. (emphasis added).
As the majority acknowledges, the drug-related evidence found in Ridlehuber’s house was relevant “to provide an explanation for why the gun was in the house.” Maj. op. at 519. The challenged evidence served exactly this purpose, as “[t]he evidence relating to drugs provided a motive for the defendant’s possession of the shotgun.” Id. This is particularly true given our recognition that guns are “tools of the trade.” United States v. Goff, 847 F.2d 149, 175 (5th Cir.) (attribution omitted), cert. denied, 488 U.S. 932, 109 S.Ct. 324, 102 L.Ed.2d 341 (1988).
Although it acknowledges the relevance of the drug-related evidence, the majority holds that such evidence constituted extrinsic offense evidence under Fed.R.Evid. 404(b). Rather than citing authority to support its holding, the majority distinguishes the instant case from cases such as United States v. Maceo, 947 F.2d 1191 (5th Cir.1991), where we held that “[ejvidence of an uncharged offense arising out of the same transactions as the offenses charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b), and is not therefore barred by the rule.” Id. at 1199. Based on this language in Maceo, the majority would limit the term “intrinsic” to offenses which “ar[i]se out of the [charged offense].” Such analysis is legally unconvincing and has no support in our prior jurisprudence.
In United States v. Quintero, 872 F.2d 107, 108 (5th Cir.1989), cert. denied, 496 U.S. 905, 110 S.Ct. 2586, 110 L.Ed.2d 267 (1990), law enforcement officials obtained a search warrant pursuant to the defendant’s arrest for possession of heroin, and upon searching the apartment, found heroin, drug paraphernalia, and two rifles. The defendant was indicted on two separate counts for being a three-time convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). See id. at 113. In upholding the trial court’s evidentiary ruling allowing the drug-related evidence at trial, we did not inquire whether the drug-related evidence “arose out of’ of the weapons charges. We instead recognized that the trial court did not abuse its discretion in admitting the evidence where “the officer’s search for heroin was part and parcel of the general description of events leading to [the defendant’s] arrest and the discovery of the weapons.” Id. We therefore found the drug-related evidence to be “inextricably intertwined with the offense charged,” even though the drug-related evidence did not “arise out of’ the weapons charges. Id.
Accordingly, I would hold that the drug-related evidence here was not extrinsic offense evidence under Rule 404(b).

.During the search of a house leased by Harold Ridlehuber, Sr., for the use of his son, the defendant, officers found a short-barreled Stevens Savage 20-gauge shotgun resting on an open shelf in the kitchen. Next to the shotgun, the officers found an ammunition clip for a Colt AR-15 rifle. In another part of the house the officers found a Mossberg 20-gauge shotgun of legal length standing upright against a wall quite near a door, two more AR-15 clips and a box of 20-gauge shells. A few 20-gauge casings were found on the driveway. In addition to the weapons, the officers found the following: a drum containing 230 pounds of sulfuric acid, two gallons of ether, a can of ether starting fluid, a pan containing aluminum shavings, a hot plate, tubing, a Pyrex funnel, thermometers, and rubber stoppers.
Search warrants were also executed at Rid-lehuber, Sr.’s home and at his place of business, a Hillsboro metal plating shop where defendant worked with his father. In Ridlehu-ber, Sr.'s house was a Colt AR-15 rifle and magazines, which Ridlehuber, Sr. said belonged to his son. At the business office, agents seized numerous chemicals including phenylacetonitrile, ethyl acetate, sodium hydroxide, monomethylamine, ether, muriatic acid, acetone, and reagent alcohol. In defendant's truck, parked at his father's office, was a loaded .45 caliber pistol.
Maj. op. at 518.

. Section 5845 states:
For the purpose of this chapter—
(a) Firearm. — The term "firearm” means .. (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length.

. Section 5861 states:
It shall be unlawful for any person—
(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record[.]

. The district court correctly instructed the jury: "For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
First: That the defendant knew he had the gun described in the indictment in his possession;
Second: That the guns [sic] was a weapon made from a shotgun and had an overall length of less than 26 inches or a barrel of less than 18 inches in length;
Third: That the defendant knew of the characteristics of the gun, e.g. that the weapon was a shotgun having an overall length of less than 26 inches or a barrel of less than 18 inches in length;
Fourth: That this gun was or could readily have been put in operating condition; and
Fifth: That this gun was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether the defendant knew that the gun had to be registered.”
Record on Appeal at 109; see also 5th Circuit Pattern Jury Instructions 199 (Criminal Cases) (1990).

. Compare supra n. 1.

. Smith was charged as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was subject to a sentence enhancement pursuant to 18 U.S.C. § 924(e)(1) because he had previously been convicted of three violent felonies or serious drug offenses.